## LINDER et ux.

v.

## WHITE RIVER VALLEY ELECTRIC CO-OP.

No. 7236.

Springfield Court of Appeals,
Missouri.

July 27, 1954.

Not to be published in State Reports.

Gideon & Mahnkey, Forsyth, for appellant.

J. Bernie Lewis, Ava, for respondent.

McDOWELL, Presiding Judge.

This is an action for damages brought in the Circuit Court of Douglas County, Missouri, for injuries alleged to have been sustained to plaintiffs' farm by the erection of a transmission line across the same. The cause was tried by a jury resulting in a verdict and judgment for plaintiffs for $250 on the second count of the petition. Defendant appealed.

The petition was in two counts. The first count is based upon the breach of conditions contained in an easement granted by plaintiffs to defendant for the purpose of erecting a power line over plaintiffs' farm.

The second count adopted the facts as set out in the first count and then alleged that the defendant, its agents and employees, operated large trucks and other machinery over the plaintiffs' land, particularly the bottom field, in wet weather, when the land was soft; that such vehicles mired into the land, cut large ditches and damaged the crops growing thereon; that said agents and employees of defendant placed innumerable rocks and other debris on the land, injured the fences, cut and threw brush into a certain stream running across the land; that throughout the construction of such high line there was a complete disregard of the property of plaintiffs displayed; that said power line construction was completed about October 25, 1950; that the acts and injuries complained of herein occurred at frequent intervals from April 12, 1950, until October 25, 1950; that by virtue of said injuries mentioned plaintiffs have been damaged in the sum of $600.

Defendant's answer to the first count of the petition denies plaintiffs are the real parties in interest, and generally denies each and every other allegation in the petition.

The answer to the second count amounts to a general denial and a plea that all of the acts complained of were done by Magnolia Construction Company and its employees.

The evidence shows that plaintiffs were the owners of 152 acres of land in Douglas County; that February 28, 1950, they executed a written right-of-way easement to defendant giving it authority to enter upon the land of plaintiffs to place their transmission or power line. This easement contained the following clause:

"In granting this easement it is understood that at pole locations only single pole and appurtenances will be used, and that the location of the poles will be such as to form the least possible interference to farm operations, so long as it does not materially increase the cost of construction."

In the first count of plaintiffs' petition they contended that defendant breached this clause of the easement by placing the poles through plaintiffs' bottom field, which was about a half mile long running from a point at one end to a width of about an acre and a half at the widest place, used for the growing of corn and hay and being land which overflowed. It was the contention of plaintiffs that the line should have been erected down a ridge which would have been a shorter distance and cost less. Plaintiffs asked damages on the first count in the sum of $800. There was no finding by the jury upon this count and we will not set out the testimony which bears upon the breach of the easement contract.

None of plaintiffs' witnesses testified on matters involved in the second count. In the second count plaintiffs contend that defendant damaged their land and crops by entering the bottom field in wet weather when the land was soft with large trucks and other machinery and that such vehicles mired into the land, cut large ditches and damaged their crops; that defendant's employees placed innumerable rock and debris therein, cut and injured plaintiffs' fences, cut brush and threw it into the stream running across the land and constructed their line with utter disregard for property of plaintiffs; that such injuries were committed over the protest of plaintiffs and the acts were committed between April

12 and October 25, 1950; that the damages caused were $600.

The only testimony offered as to this count was by plaintiffs. There was no contention that the line was not erected through plaintiffs' bottom field as pleaded. Plaintiffs admitted they executed the easement offered in evidence, giving the defendant the right to erect its transmission line across their land. They stated they did so for the reason that they wanted electric service and could not get it without executing the easement.

Edward Linder testified that the line was erected as near the center of the field as possible; that one pole was placed near the fence and the other poles out in the field. He stated that this land was in hay of different kinds, principally bean hay, when the line was erected; that the hay had been cut and was in windrows. He testified that defendant placed its poles along the public road on the north side of the land; that he went to the east end of the bottom field and took down the fence so the poles could be transported to place of use; that defendant did not use this way but got the poles and backed up and, by the use of their trucks, entered plaintiffs' field in a wet time, when the land was soft; that at the lower end of the field, or east end, there was a low place and water was standing there and here was where the trucks cut the ditches or ruts complained of and the damage was principally done. He stated that these trucks drove over the winrows of bean hay and injured the hay. He also stated he had to haul seven wagon loads of dirt to fill the ruts made by the trucks. He admitted that at one time defendant stopped work in building the line to let him cut and remove the hay. He stated he forced them to do this. He testified that one truck stuck and another had to pull it out; that they just cut ruts lengthwise through the fields as deep as the land was plowed. He stated he did not know for whom the surveyors were working when they surveyed and staked out the right-of-way. He did not know the men who did the work. He also stated he did not know who brought the poles there or for whom they were working; that he did not see any signs on the trucks indicating to whom they belonged. He testified as to talking to men in defendant's office after he had stopped the work.

Plaintiffs made strong objections to the placing of defendant's power line through the bottom field. These objections were made because of the terms of the easement.

Cora Linder, wife of Edward Linder, testified that the transmission line was erected across their bottom field when it was wet; that the trucks ran over the hay and her husband filled up the ditches or ruts made thereby. She also testified as to the objections they made to the defendant-company about the line being built where it was and as to the size of the bottom field. She stated the land overflowed and that large holes would be washed around the poles of the defendant's line.

This was all the testimony bearing upon the allegations in the second count of plaintiffs' petition.

The court submitted the case to the jury under seven instructions.

Instruction No. 1 told the jury that if they found from the evidence that the defendant caused to be constructed an electric line over the land owned by plaintiffs and that in constructing said line there were placed seven electric poles in the bottom field, for a distance of half a mile, and that plaintiffs' land was damaged and the farming operations were interfered with by such poles and if they further found that such lines could have been placed across plaintiffs' farm in a different location without material increase in the cost of such construction their verdict should be for plaintiffs provided the damages exceeded the benefits which might have accrued to plaintiffs as a result of the enhancement to the value of plaintiffs' property.

Instruction No. 2 told the jury that the mere fact that plaintiffs signed the easement to defendant did not preclude the recovery of damages from defendant. It told the jury that if they found from the

evidence that defendant did not construct its electric line in the place so as to do the least amount of injury to plaintiffs' farm and so as to interfere as little as possible with farming operations and provided if they found the line could have been constructed in another location at no material increase of cost of such construction then it would be liable.

Instruction No. 3 reads as follows:

"The court instructs the jury that a principal employer is liable for damages caused by its agents and employees, and that the acts of the agents and employees are the acts of the principal, so long as such acts are in the scope of the agents and employees employment and duty."

Instruction No. 4 reads:

"The court instructs the jury that in determining damages, if you do so determine, and the amount thereof, you may take into consideration the damages to be incurred, if any, in the future by virtue of the existing electric line and electric poles in the bottom field of plaintiffs, as mentioned in other instructions herein."

The jury returned the following verdict:

"We, the jury, find the issues for the plaintiffs and assess their damages on Count Number One of their petition in the amount of ——— Dollars.

"We, the jury, find the issues for the plaintiffs and assess their damages on Count Number Two of their petition in the amount of $250.00 Dollars."

Judgment was entered in favor of plaintiffs and against defendant in the amount of $250.

We will refer in our opinion to the appellant as defendant and to respondents as plaintiffs.

■ Under points and authorities defendant contends that since the jury did not sign the verdict on the first count of the petition they evidently found that the provisions of the easement had not been breached and against plaintiffs.

To support this contention defendant cites Moore v. St. Joseph & G. I. Ry. Co., 268 Mo. 31, 186 S.W. 1035, 1039.

The court stated this rule:

"The rule is that, when a jury returns a verdict upon one count of a petition, this is equivalent to a finding against plaintiff on other counts concurrently submitted." 53 Am.Jur. p. 1043.

We agree with defendant under this contention.

Defendant next contends that plaintiffs did not reply to the allegations in the answer that Magnolia Construction Company was an independent contractor who did the work of erecting the power line across plaintiffs' land and if there was any damage resulting from such work it was caused by the independent contractor and not by defendant and by failing to so reply plaintiffs admitted such allegations.

To support this contention defendant cites Section 509.100 RSMo 1949, V.A.M.S., which reads:

"Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleadings. When a reply is filed, whether required or not, all affirmative defenses of the answer which are not denied in the reply are deemed admitted. Averments in a pleading to which a responsive pleading is not filed and is not required shall be taken as denied or avoided."

The answer to count II of plaintiffs' petition is first a general denial and in it is made this statement:

" * * * states that all the acts complained of in said paragraph was done by the said Magnolia Construction Company and by the employees of said firm; denies that plaintiffs were damaged but avers that the said easement signed by said plaintiffs authorized the building of said line across the property in the manner and means used; * * *"

■ It would seem from the plain meaning of this pleading that it is just a gen-

eral denial. Defendant, nowhere, pleads that the Magnolia Construction Company was an independent contractor. We think that under the statute, above set out, there was no need for a reply to this answer.

Defendant complains that the trial court erred in giving instruction No. 4 because the instruction was not warranted by the evidence.

It is the contention of the plaintiffs under point III that instruction No. 4, pertaining to future damages, was not reversible error since the jury found against petitioners in favor of defendant on count I; and defendant's rights were not prejudiced thereby; that the jury's returning a verdict upon one count of the petition is equivalent to finding against plaintiffs on the other count concurrently submitted.

We have held that the jury's failing to find on count I of the petition and finding on count II of the petition for plaintiffs was the equivalent of finding against plaintiffs on count I of the petition.

However, this was the only instruction given on the question of damages for either count. An examination of the instructions in this case discloses that the issues presented in the second count of plaintiffs' petition were not presented to the jury at all. Every instruction given related to the issues of the first count, that is, a breach of the easement contract and in none of the instructions was the issue of damages caused by the negligence or wrongful conduct of defendant, as alleged in plaintiffs' second count, submitted to the jury and it had no guide whatever in returning a verdict upon this count.

■ The measure of damages set out in instruction No. 4 certainly would be improper as a guide for the verdict of the jury under count II of plaintiffs' petition.

■ We find plaintiffs failed to offer substantial evidence to support the verdict of the jury on the second count. The trial court should have sustained defendant's motion for a directed verdict on count two of the petition at the close of all of the evidence

■ Under instruction No. 6, given by the court, the jury was told that under the written easement in evidence defendant had authority to go upon the land of plaintiffs to construct and maintain its electric power line. If defendant was not guilty of any wrongful acts or negligence in carrying out the construction of this power line there could be no liability. The evidence does not disclose sufficient facts to show any violation of duty defendant owed to plaintiffs in constructing this line. The evidence as to what future overflows might damage plaintiffs was wholly inadmissible under count II of the petition. If defendant had the right to construct this power line on plaintiffs' land as instructed by the court, in instruction No. 6, certainly, they could not be liable for future overflows. If they had a right to construct this line they could not be liable for damages because plaintiffs had to drive around the poles in order to cultivate their land. There was no evidence that rocks were thrown over the land, as pleaded in plaintiffs' second count, nor was there any evidence that they cut brush and put it in the creek, which damaged plaintiffs as was pleaded in plaintiffs' second count. The only possible scintilla of evidence in the record upon which plaintiffs could recover was the driving of the truck over some hay in a windrow. There was no evidence as to what that damage was or where the hay was at the time it was alleged to have been damaged.

Judgment reversed and remanded with directions that judgment be entered for defendant.

STONE, J., concurs.

BLAIR, J., dissents.